NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 07 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| HM HOTEL PROPERTIES, an Arizona Limited Liability Company, | ) ) ) | No. 13-16790 |
| | ) | D.C. No. 2:12-cv-00548-DGC |
| Plaintiff - Appellant, | ) ) | |
| v. | ) ) | MEMORANDUM* |
| PEERLESS INDEMNITY INSURANCE COMPANY, FKA Colorado Casualty Insurance Company; DOES 1-50, inclusive, | ) ) ) ) ) ) | |
| Defendants - Appellees. | ) ) ) | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted November 18, 2015**
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and M. SMITH, Circuit Judges.

HM Hotel Properties, LLC ("Hotel") appeals the district court's grant of

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

summary judgment to Peerless Indemnity Insurance Company ("Peerless") in Hotel's action against Peerless for damages. We affirm.

(1)    Hotel first asserts that the district court erred when it determined that Peerless had not breached its insurance contract with Hotel by denying a claim for damages to the hotel roof, which were allegedly caused by a hailstorm.[1] More particularly, Hotel asserts that the district court abused its discretion[2] when it determined that the evidence of a report by a witness for Hotel (Doug Settell) was expert-opinion evidence.[3] We disagree. The district court could properly decide that the evidence in question was a detailed and complex opinion on the cost of making repairs to the allegedly damaged roof, and required technical and specialized knowledge[4] beyond the ken of a lay witness.[5] As the district court

---

[1]In this diversity action, we apply the substantive law of the State of Arizona. *See County of Orange v. U.S. Dist. Court (In re County of Orange)*, 784 F.3d 520, 523–24 (9th Cir. 2015). However, we apply federal procedural law, including the Federal Rules of Evidence. *See id.*; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002).

[2]*See Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005); *Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 605 (9th Cir. 2002); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).

[3]*See* Fed. R. Evid. 702.

[4]*See id.* at (a).

[5]*See* Fed. R. Evid. 701(c); Fed. R. Evid. 701 advisory committee's notes to

(continued...)

pointed out: the report in question contains, among other things, "a multi-page, detailed breakdown of the work necessary to repair the roof and the cost of each step, from removing roof tile, to the amount and cost of roofing felt, to the need for hurricane clips and wind lock add-ons. . . . It includes a discussion of scaffolds, cranes, and the amount of labor required for various steps." Because the evidence was expert in nature, the district court excluded it on the basis that Settell was not disclosed as an expert witness in a timely fashion. *See* Fed. R. Civ. P. 26(a)(2)(A); Fed. R. Civ. P. 37(c)(1); *see also Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Absent that expert evidence, the record does not contain any evidence of damages caused by Peerless' alleged breach. Therefore, Hotel did not satisfy the elements of a claim for breach of contract,[6] and the district court properly granted summary judgment on that claim.[7]

(2) Hotel next asserts that the district court erred when it granted summary judgment on the claim that Peerless had violated the covenant of good

---

[5](...continued)
2000 amendments; *see also Range Rd. Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148, 1153 (9th Cir. 2012).

[6]*See Steinberger v. McVey*, 318 P.3d 419, 434 (Ariz. Ct. App. 2014).

[7]*See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

faith and fair dealing.[8]  We have carefully reviewed the record and we agree with the district court that "the record provides no reasonable basis for a jury to conclude" that Hotel's claim was not fairly debatable[9] or that Peerless did not believe that it was fairly debatable.[10]  Moreover, from the record, "reasonable jurors could [not] conclude that in the investigation, evaluation, and processing of the claim, the insurer acted unreasonably and either knew or was conscious of the fact that its conduct was unreasonable."[11]  Thus, the district court did not err when it granted summary judgment on the bad-faith claim.

AFFIRMED.

---

[8]*See Zilisch v. State Farm Mut. Auto. Ins. Co.*, 995 P.2d 276, 279–80 (Ariz. 2000).

[9]*Id.* at 279.

[10]*Id.*

[11]*Id.* at 280.